IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CONSTANCE LAVINIA WASHINGTON, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-10-3277 |
| ERIC H. HOLDER, JR., *Attorney General*, | * | |
| | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM and ORDER

Constance L. Washington ("Plaintiff") brought this suit against the Attorney General of the United States, Eric H. Holder, Jr. ("Defendant"), alleging employment discrimination by her former employer, the Federal Bureau of Investigation ("FBI"), in violation of Title VII of the Civil Rights Act of 1964, § 2000e, *et seq.* (Am. Compl., ECF No. 28). Defendant now moves to dismiss the case or, in the alternative, for summary judgment. (ECF No. 43). The issues have been briefed and no oral argument is required. Local Rule 105.6. For the reasons explained below, Defendant's Motion (ECF No. 43) is GRANTED and summary judgment is entered in favor of Defendant.

### I. BACKGROUND

Plaintiff worked for the FBI from 1984 to 2008. (Am. Compl. 1, ECF No. 28). She alleges that her direct supervisor, Supervisory Special Agent Jericka Robinson ("SSA Robinson"), subjected her to continuous sexual harassment and retaliation from October of 2006 until her (Plaintiff's) resignation from the FBI on September 15, 2008. (*Id* at 1-2). She further alleges that SSA Robinson's conduct caused her to experience stress and humiliation that ultimately led to clinical depression. (*Id* at 2).

On or about March 19, 2008, Plaintiff contacted the Equal Employment Opportunity Commission ("EEOC") to report SSA Robinson's conduct, which she believed to be unlawful discrimination. (Pl.'s Resp. 2, ECF No. 46). On April 18, 2008, Plaintiff received a Notice of Right to File a Discrimination Complaint ("Notice of Right to File") from the EEOC, but she did not file a complaint. (Pl.'s Mem. 2, ECF No. 42-1). Five months later, on September 15, 2008, Plaintiff resigned from the FBI. (Compl. at 12).

About a year after her resignation, Plaintiff again contacted the EEOC regarding her allegations against SSA Robinson. (Def.'s Resp. at 2). Shortly thereafter, in November of 2009, Plaintiff received a second Notice of Right to File. (*Id*). This time, Plaintiff did file a formal complaint with the FBI, but the FBI denied the complaint as untimely. (*Id*).

In May of 2010, Plaintiff filed this suit *pro se* in the U.S. District Court for the District of Columbia. Defendant filed a motion to transfer proceedings to this Court, which was granted. (ECF Nos. 18 & 19). In February of 2011, Plaintiff retained counsel and filed an amended complaint containing counts of hostile work environment, disparate treatment, and retaliation under Title VII of the Civil Rights Act. (ECF Nos. 27 & 28). The parties then conducted limited discovery on the issues of the timeliness of Plaintiff's initial complaint and equitable tolling. (ECF No. 35). Defendant now moves for dismissal or, in the alternative, summary judgment, on the grounds that Plaintiff has failed to timely exhaust her administrative remedies under Title VII. (ECF No. 43).

## II. LEGAL STANDARDS

### A. Exhaustion of Administrative Remedies

A federal employee seeking to vindicate his or her rights under Title VII must begin by exhausting all available administrative remedies as provided in the Code of Federal Regulations. *Laber v. Harvey*, 438 F.3d 404, 416 (4th Cir. 2006). Those regulations require first that the

2

employee initiate contact with a counselor in the EEO Office of the employing agency within 45 days of the alleged discriminatory action. 29 C.F.R. § 1614.105(a)(1). If the matter is not resolved within 30 days, then the counselor must issue the employee a written notice of his or her right to file a complaint of discrimination with the agency. 29 C.F.R. § 1614.105(d). The employee must file a complaint within 15 days of receipt of the Notice of Right to File. 29 C.F.R. § 1614.106(b). Compliance with these procedures is a prerequisite to filing suit in federal court. *Laber v. Harvey*, 438 F.3d at 415. The timeliness of that compliance, however, "is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

### B. Summary Judgment

Defendant's Motion (ECF No. 43) is styled as one "to Dismiss *or, in the alternative, for Summary Judgment*." Because both parties have relied on materials outside the pleadings in briefing this motion, the Court will treat it as one for summary judgment. *See* Fed. R. Civ. P. 12(d).[1]

Federal Rule of Civil Procedure 56(a) directs district courts to grant summary judgment if the moving party shows "that there is no genuine dispute as to any material fact" and that it is "entitled to judgment as a matter of law." If the moving party carries this burden, then summary judgment will be denied only if the opposing party can identify specific facts, beyond the allegations or denials in the pleadings, that show a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). To carry these respective burdens, each party must support its assertions by citing particular parts of materials in the record constituting admissible evidence. Fed. R. Civ. P.

---

[1] "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

3

56(c)(1)(A). The court will then assess the merits of the motion, viewing all facts and reasonable inferences in the light most favorable to the opposing party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008).

### III. ANALYSIS

Defendant's motion for summary judgment is based on the undisputed fact that Plaintiff did not file a complaint of discrimination within 15 days of receiving her first Notice of Right to File. Plaintiff argues, however, that she is entitled to equitable tolling of the filing period because the severity of her depression at the relevant times allegedly prevented her from meeting the filing deadline. The Court finds that Plaintiff has not adduced sufficient evidence of incapacity to warrant the exceptional remedy of equitable tolling and that Defendant is therefore entitled to summary judgment.

Equitable tolling on the basis of mental condition is appropriate in cases of "profound mental incapacity." *United States v. Sosa*, 364 F.3d 507, 513 (4th Cir. 2004). The party seeking equitable tolling on this basis must meet a high evidentiary standard. *Biester v. Midwest Health Services, Inc.*, 77 F.3d 1264, 1268 (10th Cir. 1996) ("The few courts which have recognized an exception for mental incapacity have limited the application of this equitable doctrine to exceptional circumstances"). That party must show not only that the condition from which he or she suffered was sufficiently "profound" but that it specifically affected his or her ability to comply with the applicable filing deadlines. *See, e.g. McSwain v. Davis*, 287 F.App'x. 450, 456 (6th Cir. 2008)(unpublished); *Rios v. Mazzuca*, 78 F.App'x. 742, 743 (2d Cir. 2003) (unpublished).

The Court finds that Plaintiff has not met this standard. The only evidence Plaintiff has provided on this point is the deposition testimony of her treating psychologist, Dr. Reneé Harding Carr, Psy.D ("Dr. Harding"). (Harding Dep. ECF No. 47-8, Ex. 8)(SEALED). Dr.

4

Harding testified that she treated Plaintiff from 2006 to June of 2011, during which time she had a continuing diagnosis of "Major depressive disorder, recurrent, ... and without inter-episode recovery." (25:6-8, 14-15, 27:9-16). In describing the symptoms of Plaintiff's condition, Dr. Harding testified that approximately once a month, Plaintiff would experience a major depressive episode, which she described as an "intense episode of depression which last[s] for at least two weeks so much that the person is unable to function, poor memory, poor hygiene, depressed, suicidal ideation or suicidal thoughts, and just pretty much an overall sense of hopelessness." (26:18-24). Dr. Harding stated that Plaintiff's condition became "severe" in the spring of 2008, at which point she urged Plaintiff to seek in-patient treatment at a psychiatric hospital because she had become suicidal. (28:7-9, 28:8-16, 30:9-11, 30:25-31:9, 41:14-23, 52:20-24). Plaintiff complied and voluntarily admitted herself to Sheppard Pratt Hospital from April 30 to May 6, 2008. (29:17-20). Finally, Dr. Harding testified that Plaintiff's condition had mostly remained severe from the time of her hospitalization until the present day, and that Plaintiff had been "incapacitated" during all of that time. (30:14-20, 53:4-9).

The Court finds this testimony insufficient to support Plaintiff's contention that she was incapable of filing her initial discrimination complaint within the prescribed time. The Court acknowledges that Dr. Harding's generic description of a major depressive episode would seem to meet the criteria for "profound mental incapacity" and that, with more specific facts regarding the manifestation of this condition in a particular plaintiff and the way in which it prevented him or her from complying with a particular deadline, proof of such an episode might well warrant a remedy of equitable tolling. In this case, however, the evidence on record clearly belies Dr. Harding's opinion that Plaintiff has been incapacitated from the spring of 2008 to the present. Specifically, there is no dispute that Plaintiff not only filed an internal complaint of discrimination with the FBI during this time, but that, when that was denied, she drafted and

5

filed a *pro se* complaint in federal court. According to Dr. Harding, the severity of Plaintiff's "incapacitation" at the time she filed these complaints was as bad, if not worse, than it was in the spring of 2008 when Plaintiff received her first Notice of Right to File. (52:20-53:3). In view of this, the Court finds that no reasonable fact finder could conclude from Dr. Harding's testimony that Plaintiff's mental condition at the time she received her first Notice of Right to File prevented her from filing a complaint within 15 days. There is thus no genuine factual dispute with respect to Plaintiff's ability to timely exhaust her administrative remedies. Plaintiff had the ability to exhaust those remedies within the prescribed time but failed to do so. Defendant is therefore entitled to summary judgment.

## IV.  ORDER

Accordingly, it is ORDERED that:

(1) Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 43) is GRANTED;

(2) Judgment is ENTERED in favor of Defendant on all claims asserted in Plaintiff's Amended Complaint (ECF No. 28); and

(3) the Clerk is directed to CLOSE THIS CASE.

Additionally, in view of the sensitive nature of the information contained in the parties' submissions with regard to this matter, it is further ORDERED that:

(4) the foregoing memorandum is SEALED;

(5) within seven (7) days, the parties are DIRECTED to submit any motions to permanently seal the memorandum, or any part of it; and,

(6) absent further order of the Court, the memorandum is UNSEALED ten (10) days from today.

Dated this  8th  day of November, 2011

BY THE COURT:

James K. Bredar
United States District Judge